Caldwell, J.
It is said by the plaintiff in error, that the court erred in refusing to give the charge in the language asked, as to the requisite notoriety of the residence, and also in the charge given as to intention. As to the notoriety of the residence, we think the court, although they did not give the language as asked, charged all that the law required. *On this point we have been referred to the case of Henrietta Township v. Brownhelm Township, 9 Ohio, 77. The court in that case say: “The residence must not only be continuous, it must also be open and notorious, and attended with such circumstances as to lead the authorities of the township, in the exercise of proper vigilance, to the conclusion *31 that there is an intention to gain a settlement.” The terms hero used are not contained in the statute, and can only be used to contradistinguish the residence from a secret or clandestine one, or, as was the case in that instance, from that of a person passing about from one township to another, so as to preclude the idea that ho had any fixed place of abode. The language of the statute is: “ That any person or persons, other than those hereinafter provided for, residing one year in any township in this state, without being warned by the overseers of the poor, for said township, to depart the same, or three years after being so warned, without being again so warned as aforesaid, shall be considered as having gained a legal settlement in such township.” No special notoriety of residence is required, either by the letter or spirit of the statute, nor is it necessary that anything should be done to call the attention of the authorities of the township to the fact of such residence. A bona fide residence within the bounds of the township, in accordance with the convenience and circumstances of the party, is all that is necessary to gain a settlement. A person confined to a sick-bed, entirely withdrawn from public observation, if his abode was fixed in the township, and no means taken to conceal that fact, would obtain a settlement as readily as if differently situated. The court, however, charged the jury that they need not inquire as to the intention of Brown, the pauper, to make the township of Florence his place of residence, as intention was not involved in the matter. In this charge, we think the court erred. A person who has gained a legal residence in a place, is never in any instance held to have lost his residence by being absent, when his absence has been accompanied with the intention of returning to *such place of abode. If Brown, then, who had obtained a settlement in Oxford township, had gone into Florence township, although he resided there for a year, if during his stay he had the intention of returning to Oxford township, his settlement would not thereby have been changed; it would still have been in Oxford township. Although the evidence, as given in the bill of exceptions, would probably lead the mind to the conclusion that Brown had no intention of returning to Oxford township during-his residence in Florence township, yet we think the court erred in withdrawing the consideration of that question from the jury. It is contended, however, on the part of the defendant in error, that even if the court had erred in the charge, *32 yet that the record shows that Brown had not been legally warned to leave Henrietta township, and that he had obtained a legal residence there, and that therefore Henrietta township could not recover in this action; and that therefore the judgment being cloarly right, the court would not disturb it. To this it is sufficient to reply that the bill of exceptions does not purport to give all the evidence in the cause, and we are not authorized to predicate any action on the assumption that wo have all the evidence.

The judgment will be reversed and the cause remanded.